IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARY ANN JORDAN,** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 4:15-CV-026-SAA**

**COMMISSIONER OF SOCIAL SECURITY,** **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Mary Ann Jordan has applied for judicial review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying her Title II application for a period of disability (POD) and disability insurance benefits (DIB), as well as her Title XVI application for supplemental security income (SSI) under the Social Security Act. Plaintiff protectively filed applications for benefits on February 29, 2012 alleging disability beginning on June 23, 2011. Docket 7, pp. 103-13. The agency administratively denied the plaintiff's claim initially and upon reconsideration. Plaintiff then requested an administrative hearing, which an Administrative Law Judge (ALJ) held on November 12, 2013. *Id.* at 24-42. The ALJ issued an unfavorable decision on February 19, 2014 (*Id.* at 12-19), and the Appeals Council denied plaintiff's request for a review on January 13, 2015, *Id.* at 1-6. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review.

Because both parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. EVALUATION PROCESS

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; 416.920. The burden to prove disability rests upon plaintiff through the first four steps of the process, and if plaintiff is successful in sustaining her burden at each of the first four levels, the burden then shifts to the Commissioner at step five. *See Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999). First, the plaintiff must prove she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b); 416.920(b). Second, the plaintiff must prove her impairment(s) are "severe" in that they "significantly limit[] [her] physical or mental ability to do basic work activities . . .." 20 C.F.R. § 404.1520(c); 416.920(c). At step three the ALJ must conclude that the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010). 20 C.F.R. § 404.1520(d); 416.920(d). If the plaintiff does not meet this burden, at step four she must prove she is incapable of meeting the physical and mental demands of her past relevant work. 20 C.F.R. § 404.1520(e); 416.920(e). Finally, at step five, the burden shifts to the Commissioner to prove that, considering plaintiff's residual functional capacity, age, education and past work experience, she is capable of performing other work. 20 C.F.R § 404.1520(g); 416.920(g). If the Commissioner proves other work exists which plaintiff can perform, plaintiff is then given the chance to prove that she cannot, in fact, perform that work. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

## II. FACTS

Plaintiff was born November 22, 1962 and was 52 years old at the time of the ALJ hearing. Docket 7, p. 28. Her highest grade completed in school was tenth grade, and she

reports that she was in special education classes in the second grade. *Id.* at 29. Plaintiff's medical history reveals she had rotator cuff surgery in 2010 [*id.* at 180-90], and she suffered a stroke in 2012, which was confirmed through CT and MRI scans [*id.* at 213-17]. She has performed past work as a frame wirer, a tool assembler, and a machine operator. *Id.* at 39.

After reviewing the record as a whole, the ALJ issued her unfavorable opinion on February 19, 2014. *Id.* at 12-19. She first determined that plaintiff had met the insured status requirement through December 31, 2015. Docket 7, p. 14. To evaluate plaintiff's disability claim, the ALJ proceeded through the Social Security Administration's five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *see also id.* at 14-19. From that process, the ALJ determined that the claimant suffered from the "severe" impairments of "status post cerebrovascular accident and degenerative joint disease," (*Id.* at 14-15), but that these impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). *Id.* at 15-16.

Based upon medical evidence and Vocational Expert (VE) testimony, the ALJ then determined that plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that she could not "climb ladders, ropes, and scaffolds[;]" could "occasionally crawl and frequently climb ramps and stairs, balance, stoop, kneel, and crouch[;]" could "perform occasional overhead reaching with the left upper extremity[;]" "should avoid concentrated exposure to extreme cold, wetness, and vibration;" and "cannot perform any tasks requiring reading." *Id.* at 16. With these limitations, the ALJ determined that plaintiff could return to her past relevant work as a tool assembler and

frame wirer and ultimately determined that plaintiff was not eligible for disability benefits under the Social Security Act. *Id.* at 18-19.

### III. STANDARD OF REVIEW

The court's scope of review is limited. On appeal the court must consider whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Crowley*, 197 F.3d at 196, citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). In making that determination, the court has the responsibility to scrutinize the entire record. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds the evidence leans against the Commissioner's decision. *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *see also Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley*, 197 F.3d at 197 (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the ALJ's conclusions. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crowley*, 197 F.3d at 197. "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson*, 402 U.S. at 390.

## IV.     DISCUSSION

Plaintiff asserts that the ALJ erred at step three of the evaluative process by not properly considering whether plaintiff's limitations met, or were medically equivalent to, a listed impairment. Docket 13, pp. 4-7. The ALJ, says plaintiff, also do not apply the proper legal standards identified in *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007), and that error at step three rises above the harmless error standard articulated in *Audler*. *See* Docket 13, p. 6; *see also* 501 F.3d at 448. In response, the Commissioner asserts that the ALJ's decision was supported by substantial evidence, and plaintiff did not satisfy her burden of establishing that she met the criteria to satisfy a listing. Docket 14, pp. 4-14.

*Audler* involved an appeal of a disability determination which had been affirmed at the district court level. *See generally* 501 F.3d 446. On appeal, the Fifth Circuit reversed and remanded the case because of insufficient analysis by the ALJ at step three. *Id.* The ALJ had summarily concluded that plaintiff's impairments were "severe within the meaning of the Regulations but were not severe enough to meet or medically one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4," but neither identified the listed impairment for which Audler's symptoms had failed to qualify "nor did she provide any explanation as to how she reached the conclusion that Audler's symptoms [were] insufficiently severe to meet any listed impairment." *Id.* at 448.

The Circuit looked to the language of the Social Security Act, which says

> [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security, which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the

> Commissioner's determination and the reason or reasons upon
> which it is based.

42 U.S.C. § 405(b)(1). The court found that "by the explicit terms of the statute, the ALJ was required to discuss the evidence offered in support of Audler's claim for disability and to explain why she found Audler not to be disabled at that step." *Audler*, 501 F.3d at 448. Further, "[a]lthough the ALJ is not always required to do an exhaustive point-by-point discussion . . . the ALJ offered nothing to support her conclusion at this step and because she did not, 'we as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not.'" *Id.*, quoting *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986).

The ALJ's analysis at step three of the evaluative process in this case was also summarily conclusive. The whole of the ALJ's analysis at step three reads:

> The third step of the sequential evaluation requires determining
> whether the claimant's condition meets requirements or equals the
> level of severity contemplated for any impairment listed in
> Appendix 1 to Subpart P, Regulations No. 4. In this case, the
> claimant's condition does not satisfy that standard.

Docket 7, p. 16. In the same fashion as *Audler*, this analysis clearly does not meet the proper legal standard because it does not offer any support for the ALJ's conclusion. Not only did the ALJ not identify which Listing for which the plaintiff failed to qualify, and but she wholly failed to discuss the evidence or provide any explanation whatsoever for how she reached her conclusion. This was clear error.

After determining that the ALJ erred in her step three analysis, the court must then determine whether the ALJ's error was harmless. *Audler*, 501 F.3d at 448-49; *see also Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988). "Procedural perfection in administrative proceedings is not required," as long as "the substantial rights of a party have not been affected." *Audler*, 501 F.3d at 448; *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). The Commissioner

asserts that the plaintiff's substantial rights were not affected because plaintiff did not meet her burden of proof at step three.  Docket 14, p. 8.

The plaintiff does indeed retain the burden of establishing that her impairments met or medically equal an impairment enumerated in the Listings.  *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  However, plaintiff offered objective medical evidence that the ALJ should have considered and addressed in deciding whether plaintiff may have met at least "Listing 12.02, 11.04, or the medical equivalents thereof."  Docket 13, p. 6.  Listings 11.04 and 12.02 represent central nervous system vascular accident and organic memory disorder respectively.  Central nervous system vascular accident (Listing 11.04) requires a showing of one of the following more than three months post-vascular accident:  a "[s]ensory or motor aphasia resulting in ineffective speech or communication;" or "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station."  20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).  Conversely, Listing 12.02 involving organic mental disorders requires a demonstration of a loss of certain specific cognitive abilities, difficulties or restrictions in living abilities, or a medically documented history of a chronic organic mental disorder of at least two years duration.  *Id.*

Plaintiff provided medical records from Greenwood Leflore Hospital in March 2012 which demonstrate that plaintiff had suffered at least one stroke.  According to the CT scan, plaintiff exhibited "low dense areas involving the right global pallidus, left caudate head, [and] right cerebellar hemispheres."  Docket 7, p. 213.  An MRI then revealed results "consistent with bilateral brain infarcts[,]" an "acute brain infarct[,]" and "chronic subcortical infarcts."  *Id.* at 215.  These objective medical results led Dr. Larry Cooper to conclude that plaintiff had suffered

a cerebrovascular accident ("CVA") with right-sided weakness. *Id.* at 217. Throughout plaintiff's medical records there are subjective complaints and medical observations which appear to confirm these effects. *See, e.g.*, Docket 7, p. 274 ("Reaching overhead limited to occasionally on the left due to persistence of pain 2' prior surgery, bursitis and probable arthritis and frequently on the right due to prior CVA.").

Looking back to *Audler*, the Fifth Circuit found that plaintiff had met her burden of demonstrating that she met Listing requirements when a diagnostic checklist from plaintiff's treating physician had been submitted which indicated that the plaintiff exhibited many of the symptoms of nerve root compression. 501 F.3d at 449. According to the court, because no medical evidence had been introduced to contradict the diagnostic checklist findings, and because the ALJ had not offered any explanation to the contrary, the substantial rights of the plaintiff were affected by the ALJ's failure to provide her bases for her step three decision. *Id.* Similarly, in this case the ALJ's silence on the issue and ultimate failure to provide bases for her step three decision affects the substantial rights of the plaintiff and prevents meaningful judicial review. *See Audler*, 501 F.3d at 448, citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

Although the case must be remanded for further determination, the court does not suggest an ultimate determination of any kind. It should be noted that even though the ALJ committed clear error here which rises above the harmless error standard, there does appear to be some evidence which may indicate plaintiff's abilities after she suffered her stroke were less than absolutely disabling. *See, e.g.*, Docket 7, p. 269 (Dr. Darrell Blaylock's consultative examination revealed that the plaintiff had "good grip strength in the upper extremities" with normal range of motion in the right shoulder with some limitation of motion in the left

8

shoulder."); *see also id.* at 271 (Dr. Ann Brooks' consultative examination reveals that she "[o]bserved the patient as she ambulated down the 30 foot hall . . . and she has a completely normal gait, which appears somewhat inconsistent with her multitudinous complaints. The patient did not appear uncomfortable.").

Because plaintiff's objective medical evidence satisfied her burden of demonstrating that she met may have met Listing requirements, and because the ALJ's nonexistent analysis at step three did not offer any support for her decision, the undersigned concludes that the substantial rights of the party were affected. Therefore, the error committed by the ALJ was not, in fact, harmless.

## V. CONCLUSION

After diligent review, the court concludes that the ALJ's decision was not supported by substantial evidence and failed to the proper legal standards. The Commissioner's decision is reversed, and the case will be remanded for further proceedings in accordance with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

**SO ORDERED**, this, the 16th day of November, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE